IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CARBAJAL, H-56660, ) ) Plaintiff(s), ) ) vs. ) ) RANDY GROUNDS, et al., ) ) Defendant(s). ) ) | No. C 10-1964 CRB (PR) ORDER OF DISMISSAL |

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, has filed a pro se complaint under 42 U.S.C. § 1983 seeking a court-ordered physical examination of his shoulder and neck at a "community hospital." Compl. at 3.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

On June 24, 2009, plaintiff fell in the shower and injured his shoulder and neck. The attachments to the complaint show that plaintiff sought medical attention and that prison doctors ordered an x-ray of his shoulder and prescribed pain medication. They also show that prison doctors have continued to monitor plaintiff's condition and given him several follow-up x-rays (including one of his right knee) and appropriate pain medications. Plaintiff is dissatisfied and seeks a court-ordered referral to an outside community hospital, which prison doctors have denied as not medically necessary.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). But a prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations of dissatisfaction with the medical care he has received from prison doctors amount to no more than a difference of opinion between him and prison medical authorities regarding appropriate treatment and are insufficient to show deliberate indifference and give rise to a § 1983 claim. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."). His preference for outside care

does not compel a different conclusion.  See Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986) (prison inmate has no independent constitutional right to outside medical care supplemental or additional to medical care provided by prison staff at the institution).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  Sept. 1, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Carbajal, P1.dismiss.wpd

3